GLADYS W. VAUGHN, p. a., *vs.* ALLIEAN B. CARR.

NOVEMBER 1, 1915.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

(*1*)  *Minors.  Contracts.*

The fact that a person is an infant does not prevent his maintaining an action at law to recover under a contract.

ASSUMPSIT. Heard on exceptions of plaintiff and sustained.

PER CURIAM. This is an action in assumpsit brought by the plaintiff by her father as next friend for the purchase price of a one-half interest in a laundry which she sold to the defendant.

In December, 1913, the plaintiff and another were engaged as co-partners in a laundry business. On or about December 19, 1913, the plaintiff sold her one-half interest in said laundry to the defendant for $1,000.00, and executed and delivered to the defendant a bill of sale of the same. The

defendant was to deliver to the plaintiff his promissory note for $1,000.00, payable in thirty days, as soon as he obtained suitable endorsers. The defendant went into possession of the laundry on the day of the delivery of the bill of sale, December 22, 1913. In January, 1914, the laundry was destroyed by fire while the defendant was still in possession. The defendant paid no part of the purchase price.

The declaration contained the common counts, and also a special count setting forth the terms of the contract of sale. The declaration also alleged that the plaintiff was a minor at the time of suit. The defendant pleaded the general issue.

The case was tried in the Superior Court in Kent County, February 23, 1915, before a justice of said court, sitting with a jury. At the conclusion of the testimony for the plaintiff, a nonsuit was granted by the justice "on the ground that the right to ratify or confirm the contract must be deferred until the minor comes of age." Plaintiff duly excepted and the case is before this court on her bill of exceptions, the sole exception being to the granting of said nonsuit.

No authority in support of the ruling granting the nonsuit has been cited, and none has come to our notice. True, an infant cannot ratify a contract so as to be liable to an action thereon until he has attained his majority. This rule of law, however, is for the benefit of the infant, and places upon him no disability to sue. An infant may sue for the value of his services on *quantum meruit*. *Dearden, p. a., v. Adams*, 19 R. I. 217. An infant may disaffirm his contract and recover back the consideration he has given. *Chabot* v. *Paulhus*, 32 R. I. 471. "The fact that a person is an infant does not prevent his suing either at law or in equity." 22 Cyc. 627. "An infant may sue to recover what is due him under a contract, or damages for a breach." 22 Cyc. 628.

In Tyler on Infancy & Coverture, Chap. 12, Sec. 132, it is said: "And whenever a party enters into a contract

with a minor personally, or purchases property from him, or deals with him on his own account, such party must respond to him in an action the same as though he was an adult. So in all cases where an infant has the possession and control of his property, he may bring his action for its conversion, or any damage or injury to it, the same as though he was of full age.   In a word, when an infant has a just cause of action, he may bring his suit for it, and the personal disability of infancy will in no case deprive him of his right. The only difference between infants and adults with respect to their actions is in the form of proceeding.   The result of the action is the same in both cases."

The nonsuit was error.   The plaintiff's exception is sustained.   The case is remitted to the Superior Court for a trial.

*Heffernan & Whitman*, for plaintiff.
*Quinn & Kernan*, for defendant.